IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REALTY INTERNATIONAL
ASSOCIATES, INC.,

                Plaintiff,

    vs.                                      CIVIL NO.  12-116 MV/LFG

CAPITAL FUND SECURITIES,

                Defendant.

## **ORDER DENYING MOTION TO AMEND ANSWER**

      THIS MATTER is before the Court on "Defendant's Motion to Amend Answer" [Doc. 49].  The Court considered the Motion, Plaintiff's Response [Docs. 53, 54], and Defendant's Reply [Doc. 55].  An Order of Reference was filed by the presiding judge, the Honorable Martha Vázquez [Doc. 57].  Oral argument is not necessary.  Pursuant to D.N.M.LR-Civ. 7.6(a), this matter will be resolved on the parties' submissions.

      Defendant Capital Fund Securities ("CFS") seeks to amend its answer.  The purported purpose is to correct its representation concerning CFS's principal place of business.  Normally, an amendment would readily be allowed, as the rules of procedure incorporate a liberal standard when determining whether an amendment to a pleading should be authorized.  *See, e.g.*, <u>Calderon v. Kansas Dep't of Soc. & Rehab. Serv.</u>, 181 F.3d 1180, 1185-86 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.")  The proposed

amendment in this case, however, has little to do with hearing a claim or defense on the merits and more to do with CFS's efforts to avoid discovery.

CFS's principal and Chief Operating Officer, George McKeon ("McKeon"), through circumstances beyond his control including poor health and the tragic murder of his daughter, has avoided discovery for a prolonged period of time. The Court stayed discovery for five months and later continued the stay due to the death of McKeon's daughter and the obvious emotional stress imposed on him. After CFS's continued request to extend the stay, the Court required medical verification of McKeon's physical condition. [*See* Docs. 38, 46.] Ultimately, the Court found insufficient evidence to support a further stay of discovery either based on McKeon's physical health or the emotional trauma of his daughter's death. Thus, the Court ordered discovery to proceed. [Doc. 39.]

Plaintiff Realty International Associates, Inc. ("Realty") then sought to take McKeon's deposition in the forum state, the District of New Mexico, and CFS objected, contending that McKeon resides in Australia and that CFS's principal place of business is in Dublin, Ireland. [*See* Emergency Motion, Doc. 40, at 3.] CFS's assertions about the location of its principal place of business are exactly in accord with its Answer, in which it represented to the Court and Reality that CFS's principal place of business is in Dublin. For example, McKeon initially stated that while he wanted to be deposed in Perth, Australia, a suitable alternative was Dublin, Ireland, CFS's principal place of business. [Doc. 41, at 1, 2.]

Following a telephonic hearing [Doc. 42, minutes], the Court granted Reality's emergency motion requesting that the Court determine the location of the deposition. Reality

sought to depose McKeon in Albuquerque.  However, the Court declined to require McKeon to travel to New Mexico, and instead, authorized Dublin as the appropriate alternative site as agreed to by CFS's counsel. [Docs. 41, 43, 46.]

Subsequently, the Court conducted another telephonic conference, at which time CFS's attorney argued that he was mistaken about Dublin being CFS's principal place of business. [Doc. 45, minutes.] He claimed that as of 2004, Australia was actually CFS's principal place of business.  Thus, CFS objected to McKeon's deposition taking place in Dublin. [*See* Doc. 46, for summary of proceedings.] The Court ordered the McKeon deposition to go forward in Dublin as agreed by counsel. [Doc. 46.] CFS filed objections to the Court's Order that are pending before the trial judge. [Docs. 51, 52.]

During telephonic conferences with counsel over this matter, it came to light that CFS consistently set out in pleadings and motion practice that its principal place of business was in Dublin, Ireland.  Indeed, its Answer filed April 2, 2012, over a year before this dispute, was never amended to reflect a different principal place of business. [Doc. 6, ¶ 4.]  Only recently, after agreeing to Dublin for the deposition, did CFS's attorney suddenly learn of his alleged mistake or misunderstanding as to the location of the principal place of business.

Counsel now seeks to amend CFS's Answer but provides no persuasive explanation why he vigorously requested McKeon's deposition take place in Ireland rather than the United States.  Thus, under these circumstances, the proposed amendment to CFS's Answer is far more than correcting a misstatement.  It is the foundation of an argument that McKeon's deposition must be scheduled only in Australia and also the basis of CFS's

objections to the undersigned Magistrate Judge's Order requiring the deposition take place in Dublin.

The Court's Scheduling Order imposed a deadline for the parties to amend the pleadings [Doc. 15].  Those deadlines were June 8, 2012 for Plaintiff, and June 29, 2012 for Defendant.  More than one year has elapsed since the expiration of the amendment deadlines.  CFS offers no valid reason, explanation or justification for the tardy action or request.  Thus, the proposed amendment is too late.

Moreover, CFS came before the Court and represented that a deposition should occur in a particular locale.  The Court agreed with CFS and authorized the deposition in accordance with CFS's requested alternative deposition site.  It is improper to say at this late date that the party simply erred and the deposition should be taken elsewhere.

Therefore, the Court denies CFS's request to amend its Answer under the circumstances of this case.  The Court further observes that it previously found a lack of medical evidence to warrant a further stay of discovery.  While it may cause some hardship for McKeon to travel to Dublin for his deposition, he himself described CFS's principal place of business as being in Ireland and yet failed to timely amend pleadings or motion practice.  Accordingly, McKeon is required to submit to a deposition in Dublin, Ireland and must comply with orders of the Court.  Failure to do so could subject CFS to an imposition of sanctions, including a default judgment.  *See* Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

IT IS THEREFORE ORDERED that Defendant Capital Fund Securities' Motion to

Amend Answer [Doc. 49] is DENIED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge