IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REALTY INTERNATIONAL
ASSOCIATES, INC.,

        Plaintiff,

v.                                                CV 12-116 MV/WPL

CAPITAL FUND SECURITIES,

        Defendant.

**ORDER GRANTING MOTION FOR DISCOVERY PURSUANT TO RULE 56(d)**

Capital Fund Securities, Ltd. ("CFS"), filed a motion for summary judgment on January 22, 2014. Twelve days later, Realty International Associates ("Realty") filed a Motion for Discovery Prior to Responding to Defendant Capital Fund Securities' Motion for Summary Judgment. (Doc. 78.) Pursuant to Federal Rule of Civil Procedure 56(d), Realty's motion includes an affidavit from James T. Duff, counsel for Realty, asserting that it needs to take the deposition of George McKeon, a corporate officer and director of CFS, and conduct related discovery in order to oppose CFS's motion for summary judgment. CFS responds that Realty's Rule 56(d) affidavit is deficient and that Realty's motion should be denied. Realty did not file a reply. For the reasons set forth below, Realty's motion is granted.

**PROCEDURAL POSTURE**

Realty filed its amended complaint (Doc. 5) against CFS alleging breach of contract in February 2012. According to plaintiff's counsel, Realty served its complaint on CFS in Dublin, Ireland, after a company managing properties for CFS provided Realty with an Irish address for CFS. (*See* Doc. 54 Exs. A & B.)

Realty has long sought to depose McKeon, who signed the contract under dispute on CFS's behalf. Though discovery was stayed for many months at the parties' joint request due to McKeon's health issues and personal tragedy, Realty eventually opposed continuing the stay any longer. On May 31, 2013, almost eight months after discovery was initially stayed, the Honorable Lorenzo F. Garcia denied CFS's request to extend the stay any further. In doing so, Judge Garcia expressly found that CFS had provided insufficient medical evidence to conclude that McKeon's physical health or emotional state justified any additional stay of proceedings. (Doc. 38.)

Approximately one month later, defense counsel notified Realty that CFS would not produce McKeon for deposition in Albuquerque, New Mexico. Realty filed an emergency motion seeking an order requiring CFS to produce McKeon for deposition in Albuquerque, or in the alternative in Dublin, CFS's purported principal place of business. In response, CFS insisted that McKeon should be deposed either in Australia, where he currently resides, or in Dublin. Judge Garcia effectively ruled in CFS's favor, denying the request to conduct the deposition in Albuquerque but ordering that CFS present McKeon for deposition in Dublin unless the parties agreed to an alternative procedure. (Doc. 43.)

One month later, however, CFS filed a notice of McKeon's non-appearance at the scheduled deposition. CFS cited several reasons for the non-appearance, including defense counsel's unavailability, a lack of agreement on the date and time of the deposition, the inconvenient hour at which defense counsel would have to appear via teleconference, McKeon's health concerns, and a dispute regarding CFS's principal place of business. At a telephonic status conference before Judge Garcia the following day, it became apparent that the last two issues were the true source of contention. Defense counsel informed Judge Garcia that it had been

mistaken about CFS's principal place of business and that CFS had actually been headquarted in Australia since 2004. Defense counsel further claimed that McKeon's health made it difficult for him to travel. Realty's attorney countered that CFS had been served in Dublin, that CFS had admitted in its answer to being an Irish corporation headquartered in that city, and that CFS had provided no documentary evidence to the contrary. Given CFS's representations to the Court and parties, and given the lack of any medical evidence establishing that McKeon was unfit for travel to Dublin, Judge Garcia concluded that the deposition should go forward in Dublin as previously discussed and filed a second order to that effect. (Doc. 46.)

Several weeks later, CFS moved to amend its answer to assert that Australia is its principal place of business. Realty opposed, taking the position that Dublin is CFS's principal place of business and that CFS was simply seeking to circumvent Judge Garcia's previous discovery rulings. After the Court referred the matter to him, Judge Garcia denied CFS's request on October 21, 2013. Judge Garcia explained that in light of the record before him, it was clear that "the proposed amendment to CFS's Answer is far more that correcting a misstatement. It is the foundation of an argument that McKeon's deposition must be scheduled only in Australia . . . ." In short, Judge Garcia found, CFS's motion "ha[d] little to do with hearing a claim or defense on the merits and more to do with CFS's efforts to avoid discovery."[1] Judge Garcia also observed that the deadline to amend pleadings had passed over one year earlier, that CFS had offered no valid justification for its delay in seeking to amend, and that the proposed amendment was therefore untimely. Judge Garcia yet again ordered McKeon to submit to a

---

[1] In addition to a proposed amended answer and an affidavit from McKeon asserting that CFS operates in Australia, CFS attached to its motion to amend an affidavit from McKeon's general practitioner stating that McKeon was unable to travel by airplane and that McKeon might suffer medical consequences were he to participate in a deposition in late evening or early morning. CFS made no reference to this affidavit in its motion, and it is unclear how such an affidavit could have been relevant to CFS's desire to amend its answer.

deposition in Dublin, and he warned that further failure to comply with the Court's orders could lead to the imposition of sanctions, including a default judgment. (Doc. 59.)

In early December 2013, CFS filed another notice of McKeon's non-appearance for deposition, claiming that McKeon had recently been found to have suffered a stroke and was not medically cleared to travel. Several days later, this action was reassigned to me to handle pretrial matters in light of Judge Garcia's imminent retirement, and soon thereafter I filed an amended order requiring defense counsel to provide medical verification of McKeon's condition to the Court. The order required that CFS provide

> medical verification, by way of sealed pleading, *including* an affidavit from Mr. McKeon's treating physician confirming and documenting this stroke, advising the nature of any debilitation caused by the stroke, and advising of the current treatment and prognosis, together with a date he will likely be medically cleared for travel. The affidavit *and supporting medical report* should be filed[] under seal . . . .

(Doc. 66 (emphasis added).)

Defense counsel thereafter provided an affidavit from McKeon's neurologist and a letter from his general practitioner, but no supporting medical records were included. Realty then filed a response stating that while it had been unable to arrange for a neurologist to review the submitted documents in light of the holiday season, two other physicians had observed that the submission lacked sufficient medical documentation to allow an opinion to be formed regarding the matters raised by my order.

At a hearing on January 6, 2014, I instructed Realty to prepare an order, approved as to form by CFS, allowing for independent review of McKeon's relevant medical records by a Court-appointed neurologist.[2] I also noted at that hearing that other discovery could follow once

---

[2] Of course, in keeping with proceedings thus far, the parties could not agree on the form of the order calling for review of the medical records, instead submitting competing proposed orders. Notably, while Realty's proposed order called for the independent review of records "for consideration of whether

McKeon had finally been deposed. (Doc. 71.) In early March 2014, I filed under seal the appointed neurologist's report, which concluded that "there is no medical contraindication to flight" given the available medical records. (Doc. 81.)

In the meantime, CFS filed a motion for summary judgment on January 22, 2014. Instead of filing a response brief, Realty filed the instant Rule 56(d) motion and affidavit, to which CFS has responded. Realty did not file a reply brief addressing CFS's response to the instant motion.[3]

## ANALYSIS

Rule 56 allows a party to move for summary judgment on any or all claims or defenses, and a court will grant summary judgment in the movant's favor if he can show that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A non-moving party opposing summary judgment may use a variety of means to show that material facts are in genuine dispute, including an affidavit made on personal knowledge that sets out facts that would be admissible in evidence. FED. R. CIV. P. 56(c)(1), (4). However, under Rule 56(d) (formerly Rule 56(f)), if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may, *inter alia*, defer consideration of the summary judgment motion and/or allow time for additional discovery. FED. R. CIV. P. 56(d).

---

Mr. McKeon is or should be medically cleared to travel" (Doc. 74 Ex. A), CFS's proposed order merely suggested "consideration of the reasonableness of [the] stated medical opinions that Mr. McKeon is not medically cleared to travel" (Doc. 74 Ex. B). The order I ultimately issued largely mirrored Realty's proposal. (*Compare* Doc. 75, *with* Doc. 74 Ex. A.)

[3] In addition to the pending summary judgment and Rule 56(d) motion, Realty has filed a motion to strike CFS's answer and enter default judgment in its favor (Doc. 65), and CFS has filed objections to Judge Garcia's August 2013 order that McKeon's deposition proceed in Ireland (Doc. 51) and his October 2013 denial of CFS's motion to amend its answer (Doc. 60). All of these matters are pending before the Honorable Martha Vazquez.

As a general rule, a party opposing summary judgment may not invoke Rule 56(d) "by simply stating that discovery is incomplete." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). Instead, "[a] party seeking to defer a ruling on summary judgment . . . must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Id.* (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Having identified the unavailable facts and the steps taken to obtain them, the party must then "show how additional time will enable him to rebut [the] movant's allegations of no genuine issue of fact." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask*, 446 F.3d at 1042); *see also Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992)).

"The protection afforded by [Rule 56(d)] . . . is designed to safeguard against a premature or improvident grant of summary judgment." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992) (quoting *Pasternak v. Lear Petroleum Exploration, Inc.*, 79 F.2d 828, 833 (10th Cir. 1986)). This protection is crucial, as summary judgment constitutes "drastic" relief that "should be applied with caution to the end that litigants will have a trial on bona fide factual issues." *Morrison Flying Serv. v. Deming Nat'l Bank*, 340 F.2d 430, 432-33 (10th Cir. 1965). As such, courts have long been required to ensure that motions under Rule 56(d) are "liberally treated" unless the party seeking relief under that provision has been dilatory or his motion otherwise lacks merit. *See Campbell*, 962 F.2d at 1522 (citation omitted); *see also King Airway Co. v. Pub. Tr. of Routt Cnty., Colo.*, 111 F.3d 140, 1997 WL 186256, at *5 (10th Cir. Apr. 17, 1997) (unpublished table decision) ("[B]ecause the purpose of [former] Rule 56(f) 'is to provide an additional safeguard against an improvident or premature grant of summary judgment,' the rule

'should be applied with a spirit of liberality.'" (quoting 10A Charles A. Wright et al., *Federal Practice and Procedure:* Civil 2d. § 2740, at 532 (2d ed. 1983))).

With these principles in mind, I find that an order granting the relief that Realty seeks here is appropriate for several reasons. First, although Realty's Rule 56(d) affidavit does not itself state the particular facts that it is looking for in order to oppose summary judgment, this document and others make it clear what sort of information Realty is seeking. Realty's affidavit and numerous other documents it has filed identify McKeon as "CFS's most knowledgeable person and a percipient witness to the issues raised" in this case. Citing to CFS's own filings, Realty notes in its pending motion to strike CFS's answer (Doc. 65 at 4-5) that it is seeking information regarding the negotiation of the contract at issue, his discussion of the matter with other individuals, and the "institutional understanding" of the parties' agreements. Given the affidavit before me and the overall context of the case, it is apparent what subjects Realty is looking to learn about, why it has not been able to amass such facts, and how additional discovery would allow it to acquire them and thereafter address CFS's summary judgment motion. *See Harrods Ltd. V. Sixty Internet Domain Names*, 302 F.3d 214, 244-45 (4th Cir. 2002) (observing that technical compliance with former Rule 56(f) is not always required when a party opposing summary judgment has otherwise "adequately informed the district court that the [summary judgment] motion is pre-mature and that more discovery is necessary," provided that "the nonmoving party was not lax in pursuing discovery"); *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 846 (3d Cir. 1992) (holding that a delay in consideration of a pending summary judgment motion was called for, even in the absence of an affidavit under former Rule 56(f), given that the non-moving party had sufficiently argued elsewhere that such consideration "should be postponed until crucial depositions had been taken").

Second, and relatedly, CFS itself has identified both the facts that McKeon possesses and their importance to the resolution of this action. In requesting that the early stay in this case be continued, CFS argued that McKeon's participation and testimony in this litigation was unavoidable and essential, pointing out that he is "the originally appointed director for CFS[,] . . . [its] chief authorized signatory" (Doc. 34 at 2), "the director vested with the responsibility for overseeing the operational aspects of CFS's business" (*id.*), and the only director of CFS "who possesse[s] substantive knowledge regarding the underlying business operation" (Doc. 36 at 2). Although other individuals have participated in the company's operations, CFS identified itself as "essentially[] a 'one-man' company that has always been operated by George McKeon" and pointed to McKeon as "the only representative with the requisite knowledge of its operations – and, more specifically, the complicated agreements at issue in this case." (Doc. 34 at 4.) It continued,

> George McKeon (not . . . any other director/shareholder) was the individual who negotiated the underlying transaction, discussed the same with the investors, entered into the agreements, and who possesses the institutional understanding of what the parties' agreements were. . . . *George McKeon is the critical actor whose involvement and testimony are needed to present the position of CFS. It is George McKeon who will be critical to judicial resolution of the underlying issues.*"

(Doc. 36 at 2 (emphasis added).) Though CFS would have the Court disregard Realty's Rule 56(d) affidavit for failure to identify the necessary facts unavailable to it, CFS itself has asserted that McKeon possesses facts that are integral to the resolution of this dispute.

Third, it is clear that if not for CFS's dilatory actions, Realty would already possess the information it is seeking to obtain from McKeon. Although both parties conceded that the original stay in this case was warranted by tragic circumstances beyond their control, Judge Garcia understandably rejected CFS's attempts to further delay proceedings in this case in the utter absence of any pertinent evidence that such a stay was necessary. Realty pursued its

deposition of McKeon almost immediately thereafter, and since that time Judge Garcia has ordered CFS not once, not twice, but at least three times to present McKeon for deposition in the manner that CFS itself proposed. While CFS has insisted that McKeon's medical condition prevents him from obeying Judge Garcia's repeated orders, it never presented current medical evidence supporting this assertion to the Court, even when I ordered that it do so. (*See* Doc. 66 (calling for an affidavit "and supporting medical report" from McKeon's treating physician); *see also* Doc. 38 (recognizing that an affidavit and a report from McKeon's psychologist were outdated and did not establish that the further stay sought by CFS was warranted).) When CFS eventually complied with my order that it provide McKeon's medical records for an independent evaluation, that evaluation ultimately concluded that McKeon's condition does not contraindicate flight to Ireland to participate in his deposition. Even though the Court-appointed neurologist reached this conclusion over a month ago, nothing in the docket indicates that CFS has since complied with Judge Garcia's repeated orders that CFS present McKeon for deposition in Dublin.[4]

Now CFS essentially accuses Realty of engaging in a dilatory fishing expedition "in the hope that useful evidence might turn up," arguing that "Rule 56(d) does not require . . . that summary judgment not be entered until discovery is complete." (Doc. 79 at 4, 5 (citations and internal quotation marks omitted).) Yet CFS itself waited to file its summary judgment motion until over three weeks after discovery was officially completed.[5] Thus, if CFS had complied with

---

[4] CFS's insistence that the deposition could proceed in Australia or in some other manner (*see* Doc. 79 at 3 n.2) is unavailing. Judge Garcia has repeatedly ordered CFS to present McKeon for deposition in Dublin—a manner that, I again stress, CFS itself proposed—unless Realty agrees to an alternative. The burden is not on Realty to show that any other method of deposition is inappropriate, but on CFS to comply with Judge Garcia's orders.

[5] At the time that CFS filed its summary judgment motion, Judge Garcia's September 10, 2013 Order Extending Pretrial Case Management Deadlines (Doc. 50) was in effect. That order directed that

Judge Garcia's multiple orders, there would be no discussion as to whether additional discovery were necessary—Realty would have already acquired the testimony it continues to seek from McKeon before the close of discovery, and it would be able to respond to CFS's motion using the facts it had gleaned from that testimony. Whether or not CFS feels that it is justified in resisting Judge Garcia's orders, it is the height of disingenuity for it to thereafter accuse Realty of impermissibly delaying the consideration of the pending summary judgment motion by pursuing discovery it would otherwise already possess.

Finally, even if I were to hold that Realty's Rule 56(d) motion is not well-taken, I note that the relief that Realty seeks is appropriate under Rule 37(b)(2)(A)(iv). That provision provides that if a party or its officer or agent "fails to obey an order to provide or permit discovery," the Court "may issue further just orders" as a sanction, including but not limited to "staying further proceedings until the order is obeyed." It is beyond dispute that CFS has contravened several of Judge Garcia's orders, and while it was certainly within its rights to file objections under Rule 72, those objections do not relieve CFS of its obligation to timely comply with those orders. *See Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 656 (D. Colo. 2001); *Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M. 1994), *cf. Maness v. Meyers*, 419 U.S. 449, 458 (1975) ("If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect."). At the very least, a stay of consideration of CFS's summary judgment motion and an allowance of extra time

---

discovery would terminate on December 27, 2013, and that pretrial motions would be due no later than January 29, 2014. CFS filed its summary judgment motion on January 22, 2014, long after discovery had closed. Since that time, I have noted that I will be extending pertinent pretrial deadlines in the future. (Doc. 80.)

for Realty to take the discovery it has long sought would be more than justified as a sanction for CFS's continuing intransigence.

That said, I see no reason to base my ruling on Rule 37 when Realty's affidavit, taken in the context of the record as a whole, satisfies Rule 56(d)'s requirements. It is apparent from the filings before me what sort of facts Realty seeks, the reasons why those facts are not yet available, and how additional discovery would allow it to adequately oppose CFS's summary judgment motion. In that light, it is clear that the relief that Realty requests may be, and should be, appropriately granted under Rule 56(d).[6]

## CONCLUSION

I do not relish the prospect of drawing out this action further. "All things must end—even litigation." *S. Rambler Sales, Inc. v. Am. Motors Corp.*, 375 F.2d 932, 938 (5th Cir. 1967). Yet given that Realty has adequately shown that it is unable at this time to present facts essential to its opposition to CFS's motion for summary judgment, I agree with Realty that the Court should defer consideration of that motion until sufficient discovery has been taken. Because Realty has not asked that the Court deny CFS's summary judgment motion outright—a permissible form of relief under Rule 56(d)(1)—I decline to consider whether to recommend that outcome to the Court.

Realty's Rule 56(d) motion (Doc. 78) is granted. Realty is hereby permitted to complete discovery by obtaining the deposition of McKeon, and thereafter the deposition of any other necessary witnesses justified by McKeon's deposition testimony, before responding to CFS's

---

[6] Moreover, I note that Realty has not requested this relief under Rule 37. Instead, pending before Judge Vazquez is Realty's motion to sanction CFS by striking the latter organization's answer and granting default judgment in Realty's favor. (Doc. 65.) I will not constrain the Court's options with respect to that motion by basing this order on Rule 37, particularly where Realty has not asked me to do so.

summary judgment motion. I will set forth appropriate deadlines for these and other matters in a separate order.

    IT IS SO ORDERED.

                                                            _____
                                                            William P. Lynch
                                                            United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.