IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REALTY INTERNATIONAL ASSOCIATES,

    Plaintiff,

v.

                              Civil No. 12-116 MV/LFG

CAPITAL FUND SECURITIES, Limited, a
foreign corporation,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Strike Capital Fund Securities Limited's Answer and for Entry of a Default Judgment Against Capital Fund Securities Limited [Doc. 65]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be denied.

### BACKGROUND

George McKeon is one of the directors of Defendant Capital Fund Securities, Limited ("CFS"). McKeon currently resides in Australia. Over the past two years he has suffered three strokes, most recently in November 2013. His doctors have advised him not to travel by airplane because of his health conditions.

On July 23, 2013, Plaintiff Realty International Associates ("Realty") filed an Emergency Motion to Determine the Location for the Taking of George McKeon's Deposition. Realty initially sought to take McKeon's deposition in Albuquerque. CFS took the position that McKeon's deposition should take place either in McKeon's current place of residence, Australia,

1

or CFS's principal place of business, which CFS represented to be Dublin, Ireland.  Magistrate Judge Garcia ruled that Realty could not require McKeon to travel to Albuquerque for his deposition, but that he could be deposed in Dublin.  Subsequently, counsel for CFS determined that CFS's principal place of business was actually Australia.  Counsel for CFS brought his mistake to the Court's attention, but Judge Garcia declined to modify his order directing that McKeon's deposition take place in Dublin.  Judge Garcia also denied CFS's motion to amend its answer to correct CFS's principal place of business from Dublin to Australia.  In denying the motion, Judge Garcia wrote:

> Accordingly, McKeon is required to submit to a deposition in Dublin, Ireland and must comply with orders of this Court.  Failure to do so could subject CFS to an imposition of sanctions, including a default judgment.

CFS filed objections to both of Judge Garcia's orders.

The parties jointly agreed to extend the discovery termination date to December 27, 2013.  On October 7, 2013, counsel for CFS informed counsel for Realty that McKeon was continuing to suffer from medical issues, and asked if arrangements could be made to have McKeon deposed in Australia.  CFS discussed paying the costs of Realty's counsel's travel to Australia for the deposition.  On November 19, 2013, counsel for CFS reminded counsel for Realty of CFS's willingness to pay the full cost of the air fare related to travel to Australia for McKeon's deposition, and also confirmed its willingness to work out an agreement concerning compensation for any additional travel time that would be incurred for travel to Sydney versus travel to Dublin.

On November 19, 2013, Realty's counsel suggested 10 possible dates for McKeon's deposition in Dublin.  On November 21, 2013, counsel for CFS contacted Realty's counsel, but did not receive a response.  On November 26, 2013, Realty noticed McKeon's deposition for

December 13, 2013 in Dublin.   That same day, counsel for CFS informed Realty's counsel that McKeon had suffered another stroke.

On December 4, 2013, counsel for CFS informed counsel for Realty that due to McKeon's most recent stroke and symptoms related to that stroke, CFS would be filing a Non-Appearance for the December 12, 2013 deposition of McKeon.   On December 5, 2013, CFS filed the notice of non-appearance.   On December 6, 2013, counsel for CFS asked Realty if it would consider taking a Rule 30(b)(6) deposition, in Ireland, of CFS whereby CFS could produce a witness other than McKeon.   On December 10, 2013, counsel for CFS provided a letter from McKeon's doctor regarding his medical condition.   On December 12, 2013, and again on December 17, 2013, CFS offered to produce McKeon for a video deposition.

On December 16, 2013, Realty filed the instant motion, asking the Court to strike CFS's answer to the complaint and grant a default judgment against CFS, based on CFS's failure to comply with the Court's orders that McKeon appear for his deposition in Dublin.   CFS opposes the motion.

## LEGAL STANDARD

Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure allows the Court to enter "[a]n order . . . dismissing the action" "[i]f a party . . . fails to obey an order to provide or permit discovery."   Fed. R. Civ. P. 37(b)(2)(C).   The Tenth Circuit has recognized "that dismissal represents an extreme sanction appropriate only in cases of willful misconduct."   *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992).   "Because dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort."   *Id.* (citation omitted).   By the same token, "[a] default judgment is a harsh sanction that will be imposed only when the failure to comply with discovery demands is the result of

3

willfulness, bad faith, or some fault of [defendant] rather than the inability to comply." *FDIC v. Daily*, 973 F.2d 1525, 1530 (10th Cir. 1992).

"The district court's discretion to choose a sanction is limited in that the chosen sanction must be both just and related to the particular claim which was at issue in the order to provide discovery." *Ehrenhaus*, 965 F.2d at 920. "Before choosing dismissal as a just sanction, a court should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." *Id.* at 921 (citations omitted). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (citation omitted).

## DISCUSSION

Plaintiff argues that a default judgment is the appropriate sanction for CFS's failure to produce McKeon for his deposition in Dublin. Defendant disagrees, arguing that, given its pending objections, the agreements between the parties regarding discovery extensions, and McKeon's health conditions, including a recent stroke, CFS's failure to produce McKeon does not amount to a willful failure to comply with its discovery obligations, and thus a default judgment is not an authorized sanction here. The Court agrees with Defendant.

As the Tenth Circuit made clear in *Ehrenhaus*, this Court's discretion to choose a sanction is limited to a sanction that is both just and related to the particular claim at issue. Given the circumstances here, entering a default judgment against CFS, and thus effectively deciding this case in Plaintiff's favor without ever reaching the merits, would be an unjust result. Admittedly, CFS has failed to produce McKeon for his deposition in Dublin, as ordered by Judge Garcia.

CFS, however, has properly objected to Judge Garcia's orders, and at one point, the parties even agreed to extend relevant deadlines until after a determination on those objections was issued. Further, CFS has consistently offered to produce McKeon for his deposition elsewhere or by video, or to produce an alternative witness for deposition in Dublin.   Those offers have consistently been explained by McKeon's deteriorating health.   Realty has not explained why any of the proffered alternatives would not sufficiently provide Realty with the evidence it seeks in this matter.

Given CFS's willingness to provide Realty with the substance of the discovery it seeks, the degree of actual prejudice to Realty caused by CFS's misconduct appears low.   Further, CFS is entitled to object to Judge Garcia's orders, without being found to have "interfered" with the judicial process.   Similarly, CFS's initial proposal that the deposition be held in Dublin appears to have been based on counsel's mistaken understanding of CFS's principal place of business.   His attempts to rectify that mistake, and to seek accommodation of his witness's poor health, do not demonstrate a culpable mental state.   Finally, while Judge Garcia did warn CFS that failure to comply with the Court's orders *could* subject CFS to sanctions, including a default judgment, he did not similarly warn CFS that a default judgment would be a "likely sanction" for its noncompliance.

Based on the *Ehrenhaus* factors, this is not a case where the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.   Accordingly, a default judgment is not an appropriate sanction, and Plaintiff's request must be denied.

## CONCLUSION

For the foregoing reasons, **IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Capital Fund Securities Limited's Answer and for Entry of a Default Judgment Against Capital Fund Securities Limited [Doc. 65] is DENIED.

DATED this 24th day of September, 2014.

_____
MARTHA VAZQUEZ
United States District Judge