IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**REALTY INTERNATIONAL ASSOCIATES,**

      **Plaintiff,**

    v.                                                      No. 1:12-cv-0116 RB/WPL

**CAPITAL FUND SECURITIES, Limited, a foreign corporation,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff Realty International Associates' Motion for Reconsideration, Pursuant to Rule 60(b)(6), Fed. R. Civ. P., To Set Aside This Court's Order Awarding Attorney Fees and Costs. (Doc. 110.) Defendant Capital Fund Securities, Limited opposes the Motion. The Court, having considered the submissions of counsel and relevant law, will grant the Motion for the reasons set forth herein.

**I.    BACKGROUND**

In 2003, Plaintiff Realty International Associates and Defendant Capital Fund Securities, and others, entered into an Agreement Regarding Ownership, Participation, and Distribution from Promissory Notes (the "2003 Agreement") to resolve a dispute regarding rights to distribution income from wraparound notes on apartment projects in Clovis, New Mexico. (Doc. 5.) In February 2012, Plaintiff Realty International Associates commenced this breach of contract action against Defendant Capital Fund Securities. (Doc. 1.) In its Amended Complaint, Plaintiff Realty International Associates alleged that Defendant Capital Fund Securities breached the 2003 Agreement: (1) "by causing its attorney to inform New Mexico Bank & Trust that Capital Fund

Securities did not want to refinance the five identified mortgages for an amount in excess of the existing mortgages;" and (2) "because Capital Fund Securities prevented refinancing of the existing mortgages to be undertaken for the benefit of the holders of the notes which included Realty International Associates."  (Doc. 5 ¶ 13.)

On January 22, 2014, Defendant Capital Fund Securities filed a Motion and Brief for Summary Judgment ("Summary Judgment Motion"), seeking judgment in its favor as to all claims asserted in the Amended Complaint.  (Doc. 76.)  Defendant Capital Fund Securities argued that both of Plaintiff Realty International Associates' theories for its breach of contract claim failed as a matter of law on the undisputed facts.  The Court agreed and, in a Memorandum Opinion and Order entered on September 24, 2014, granted Defendant Capital Fund Securities' Summary Judgment Motion.  (Doc. 93.)

Thereafter, on October 16, 2014, Defendant Capital Fund Securities filed a Motion to Tax Costs, seeking costs as set forth in an accompanying Cost Bill.  (Doc. 96.)  Also on October 16, 2014, Defendant Capital Fund Securities filed a Rule 54 Motion for Attorney's Fees and Costs.  (Doc. 97.)  While Defendant Capital Fund Securities filed the Motion to Tax Costs with no filing restrictions, for unexplained reasons, Defendant Capital Fund Securities filed the Motion for Fees for Attorney's Fees and Costs with a restriction for "case participants" only.

On October 30, 2014, Plaintiff Realty International Associates filed an Objection to Defendant's Motion to Tax Costs.  (Doc. 100.)  Plaintiff Realty International Associates did not, however, file any response to Defendant Capital Fund Securities' Motion for Attorney's Fees and Costs.  On December 19, 2014, Defendant Capital Fund Securities filed a Notice of Completion of Briefing on its Motion for Attorney's Fees and Costs.  (Doc. 105.)  On December 22, 2014, Plaintiff Realty International Associates filed an "Objection" to the Notice of Briefing, arguing

that no Motion for Attorney's Fees and Costs had been served on Plaintiff Realty International Associates, and that the time for filing such a motion had expired on October 25, 2014.  (Doc. 106.)  Plaintiff Realty International Associates neither requested an extension of time to respond nor requested a copy of Defendant Capital Fund Securities' Motion for Attorney's Fees and Costs.

On January 9, 2015, Judge Vazquez issued entered an Order deciding both the Motion to Tax Costs and the Motion for Attorney's Fees and Costs (the "Order").  (Doc. 109.)  The Court noted that Plaintiff Realty International Associates failed to respond to the Motion for Attorney's Fees and Costs, and determined that this failure to respond constituted its implied consent to grant the Motion for Attorney's Fees and Costs.  (*Id.*)  The Order granted Defendant Capital Fund Securities' Motion for Attorney's Fees and Costs in its entirety and denied the Motion to Tax Costs as duplicative and therefore moot.  (*Id.*)

On January 20, 2015, Plaintiff Realty International Associates filed the instant Motion for Reconsideration, asking the Court to set aside its Order.  (Doc. 110.)  Defendant Capital Fund Securities filed a response in opposition to the Motion for Reconsideration.  (Doc. 111.)  Plaintiff Realty International Associates filed a reply in support of its Motion for Reconsideration.  (Doc. 112.)  On May 27, 2015, the matter was reassigned to the undersigned.

**II.    LEGAL STANDARD**

Plaintiff Realty International Associates indicates that its Motion to Reconsider is made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'"  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).  Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for six enumerated reasons.  Fed. R. Civ. P. 60(b).  In particular, the Court may grant relief pursuant to Rule 60(b) in

cases of "mistake, inadvertence, surprise, or excusable neglect," where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (2), (6). A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.,* 57 F.3d 941, 944 (10th Cir. 1995). It is well-established in the Tenth Circuit that grounds for a motion to reconsider are limited to the following: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing Brumark, 57 F.3d at 948). Therefore, a motion to reconsider is "appropriate [only] where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

## III.   DISCUSSION

On its Motion for Reconsideration, Plaintiff Realty International Associates requests that the Court set aside its Order granting the Motion for Attorney's Fees and Costs. In support of that request, Plaintiff Realty International Associates argues that Defendant Capital Fund Securities' Motion for Attorney's Fees and Costs was never served on Plaintiff Realty International Associates' counsel, and the Motion for Attorney's Fees and Costs "was not and is not available on the Court's docket to review, download or oppose." (Doc. 110 at 3.) Plaintiff Realty International Associates asserts that, "to this day [it] does not know the factual basis for the attorney's fees motion." (Doc. 112 at 2.)

Contrary to Plaintiff Realty International Associates' contentions, the Notice of Electronic Filing for the Motion for Attorney's Fees and Costs demonstrates that the Motion for Attorney's Fees and Costs was electronically mailed to Plaintiff Realty International Associates' local counsel, Louren M. Oliveros and Robert J. Gorence, in addition to four other individuals at their

4

law firm, Gorence & Oliveros, P.C. (Doc. 105-1); D.N.M.LR-Civ. 5-1 ("Electronic filing constitutes service for purposes of Fed. R. Civ. P. 5 . . . . Electronic service is complete on transmission."). Further, the affidavits of Louren Oliveros, Annie Lori Marquez, and Melody Tilson establish that the Motion for Attorney's Fees and Costs was in fact received by the Gorence & Oliveros firm. (Doc. 110-1, Exhibit A) ("This time the search revealed that a CMECF email of October 16, 2014 in this matter, Doc. 97, Motion for Fees, was received at some point after October 23, 2014."); (Doc. 110-3, Exhibit C) ("[T]he CMECF email of October 16, 2014 in this matter, Doc. 97, was delivered at some point to some members of the office."); (Doc. 110-3, Exhibit D) ("[T]he missing CMECF email had now been delivered to my email account.").

There is equally no factual support for Plaintiff Realty International Associates' contention that the Motion for Attorney's Fees and Costs is not available to it on the Court's docket. To prove its point, Plaintiff Realty International Associates submitted as an exhibit a printout of the docket for this matter in which the document filings skip from Document Number 96 to Document Number 98, with no entry for Document Number 97. (Doc. 110-1, Exhibit A-1.) This printout, however, reflects only the docket sheet as it would appear to a person who logged into PACER without using the CM/ECF account number of a case participant who has been afforded access rights to the Motion for Attorney's Fees and Costs. As noted above, Ms. Oliveros, Mr. Gorence, and four other individuals at their firm were granted such access rights to the Motion for Attorney's Fees and Costs. Each of those individuals, by logging in first to his or her CM/ECF account, would be able to view Document Number 97, despite its filing restrictions. *See* http://www.nmd.uscourts.gov/filing-information/faq. Accordingly, at any time since the Motion for Attorney's Fees and Costs was filed, Plaintiff Realty International Associates' local counsel would have been able to "review, download, and oppose" the Motion for Attorney's Fees and

Costs. Under these circumstances, it is inexplicable why, to this day, Plaintiff Realty International Associates has failed to respond substantively to Defendant Capital Fund Securities' Motion for Attorney's Fees and Costs.

Citing to Local Rule 7.1(b), the Court indicated in the Order that it would grant the attorney's fees requested in the Motion because Plaintiff Realty International Associates' failure to respond constituted its consent. (Doc. 109.) Indeed, Local Rule 7.1(b) provides that the "[f]ailure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). Plaintiff Realty International Associates has provided no reasonable explanation for its failure to respond within the time prescribed or, at the very least, to seek additional time to file a response once it learned about the Motion for Attorney's Fees and Costs.

Notwithstanding Plaintiff's unfamiliarity with the subtleties of electronic filing and its puzzling failure to yet respond, the Court is cognizant of the fact that, in the context of unopposed dispositive motions, the Tenth Circuit has held that a district court cannot grant a motion based solely on a party's failure to respond, but rather must consider the merits of the motion. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted."); *Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (holding that a district court cannot grant an unopposed motion for summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56). In its Order, the Court declined to consider the merits of the Motion for Attorney's Fees and Costs because it found that Plaintiff Realty International Associates

"impliedly consented to [Defendant Capital Fund Securities'] calculation of attorney's fees" and "explicitly consented to the requested costs" except for the videotaping fees and travel expenses for the McKeon deposition in Dublin, Ireland.  (Doc. 109.)   Upon further reflection, the Court concludes that the requirement that a district court consider the merits before granting an unopposed motion should hold equally on these facts, where a party seeks substantial attorney's fees and costs and chooses to employ, without notice or explanation, a subtle variant of the electronic filing process. In the interest of fairness and justice, because the Court rested its decision solely on Plaintiff Realty International Associates' failure to respond to the Motion for Attorney's Fees and Costs, the Court finds it appropriate to reconsider the Order.

As it is now clear that the Motion for Attorney's Fees and Costs is opposed, the Court will allow Plaintiff Realty International Associates an opportunity to file a response to the Motion for Attorney's Fees and Costs, and will afford Defendant Capital Fund Securities an opportunity to file a reply.   In their briefing, the respective parties are directed to address the reasonableness of Defendant Capital Fund Securities' fee request under the factors set forth in *Thompson Drilling, Inc. v. Romig*, 736 P.2d 979, 983-84 (N.M. 1987), and the availability of the requested costs under the 2003 Agreement.

## IV.   CONCLUSION

For the foregoing reasons, Rule 60(b) relief from the Order is justified.

**IT IS THEREFORE ORDERED** that Plaintiff Realty International Associates' Motion for Reconsideration, Pursuant to Rule 60(b)(6), Fed. R. Civ. P., To Set Aside This Court's Order Awarding Attorney Fees and Costs (Doc. 110), is GRANTED, as follows:

(1) The Court's Order (Doc. 109) will be vacated;

(2) Within fourteen days of the entry of this Order, Plaintiff Realty International Associates will file a response, if any, to Defendant Capital Fund Securities' Motion for Attorney's Fees and Costs;

(3) Within fourteen days of the filing of Plaintiff Realty International Associates' response, Defendant Capital Fund Securities will file a reply, if any; and

(4) All filings in this matter will be filed without filing restrictions unless good cause for such restrictions is demonstrated and permission is obtained from the Court prior to the filing of any document with a filing restriction.

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**